**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VIVIAN S. SHAMON,

                Plaintiff,

v.                                           Case No. 11-15344
                                           Honorable Denise Page Hood

BANK OF AMERICA, N.A. successor
by merger to BAC HOME LOAN SERVICING,
LP, and FEDERAL NATIONAL MORTGAGE
CORP.,

                Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
## AND DISMISSING CASE

**I.**    **INTRODUCTION**

        Plaintiff is attempting to set aside a foreclosure sale. Now before the Court is Defendants'

motion to dismiss **[Docket No. 5, filed December 13, 2011]**. The Court heard oral arguments on

February 29, 2012. The matter has been fully briefed and is now appropriate for determination.

For the reasons stated below, the Court should **GRANT** Defendants' motion to dismiss.

**II.**    **BACKGROUND**

        On November 14, 2011, Plaintiff filed the present action in state court alleging the

following: wrongful foreclosure under M.C.L. § 600.3204 (Count I); quiet title (Count II); and

negligence (Count III). Defendants removed the action on the basis of diversity jurisdiction on

December 6, 2011 **[Docket No. 1]**.

        On June 28, 2007, Plaintiff Vivian Shamon's husband, Ray Shamon, executed a note in

the amount of $170,300.00 for the property commonly known as 48574 Jefferson Drive,

Macomb Township, Michigan 48044. Def.'s Mot. Dismiss, Ex. A. Mr. Shamon also signed a mortgage on the home with Mortgage Electronic Registration Systems, Inc. ("MERS"). Compl. ¶ 6; Def.'s Mot. Dismiss, Ex. A. The mortgage was recorded with the Macomb County Register of Deeds on September 25, 2007. Def.'s Mot. Dismiss, Ex. A. Mr. Shamon was married when the documents were executed but only his name appears on the mortgage and note. Def.'s Mot. Dismiss, Ex. A; Compl. ¶ 7. The note indicates that Mr. Shamon was signing as a married man. Def.'s Mot. Dismiss, Ex. A; Compl. ¶7-9.

MERS assigned the mortgage to Bank of America Home Loans Servicing ("BAC") and the assignment was recorded on July 26, 2010. Def.'s Mot. Dismiss, Ex. B. The home was sold to BAC at a Sheriff's sale on October 1, 2010 and the deed recorded on October 13, 2010. Def.'s Mot. Dismiss, Ex. C. The redemption period expired on April 13, 2010.

On April 29, 2011, BAC sold the property to Fannie Mae by quitclaim. Compl. ¶ 13; Def.'s Mot. Dismiss, Ex. D.[1] Fannie Mae initiated eviction proceedings in 41st District Court against Mr. Shamon and the property occupants, including Plaintiff. The 41st District Court determined that Fannie Mae was entitled to possession on January 4, 2011. Def.'s Mot. Dismiss, Ex. E; Compl. ¶ 14.

## III.   ANALYSIS

### A.  Standard of Review

In a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction is proper. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). To survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must show that she alleges a claim under federal law and that the claim

---

[1] Defendants argue that Federal National Mortgage Association is actually Fannie Mae. Fannie Mae joins in BAC's motion.

is "substantial." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A claim is substantial unless "prior decisions inescapably render [it] frivolous." *Id.* (quoting *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed.R.Civ.P. 12(h)(3).

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court will accept all the factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss is appropriate when the plaintiff is unable to prove any set of facts to support his claim that he is entitled to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Bell Atlantic*, 550 U.S. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Furthermore, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendants have attached several exhibits to their motion to dismiss. The Court may consider these exhibits without converting Defendants' motion to dismiss to a motion for summary judgment if the matters are referenced in the Complaint and central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2006). The Court may

consider items that "verify the complaint" and do "not rebut, challenge, or contradict anything in the plaintiffs' complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *see also Armengau v. Cline*, 7 Fed.Appx. 336, *5 (6th Cir. 2001) ("extrinsic materials [that] merely 'fill in the contours and details' of a complaint, …add nothing new and may be considered without converting the motion to one for summary judgment") (quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)). The Court may also take note of matters to which it could take judicial notice. *Armengau*, 7 Fed.Appx. at *5. Accordingly, the Court will consider Defendants' exhibits under Rule 12(b)(6) analysis because they are central to Plaintiff's Complaint and fill in the contours of the Complaint.

### B.  Plaintiff does not have standing to challenge the foreclosure or assignment

Defendants argue that Plaintiff does not have standing to challenge the foreclosure because Plaintiff no longer has an interest in the property. Defendants further argue that Plaintiff cannot contest the assignment because she was not a party to it. Plaintiff argues that the foreclosure was improper so the redemption period has not yet run. Specifically, in Plaintiff's Complaint, she alleges that MERS did not have the right to assign the mortgage to Fannie Mae. However, in Plaintiff's response, she argues that there was a defect in the chain of title because the assignment was not recorded prior to the Sheriff's sale.

The Court must first determine if there is standing before considering any substantive issues. *Planned Parenthood Assoc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the Constitution limits the federal courts to "cases and controversies." Standing is present when three elements are established: (1) plaintiff suffered an "injury in fact, which is both concrete and particularized, and actual or imminent;" (2) there is a casual connection between the injury and complained of activity such that it is fairly traceable to the defendant's actions;

4

and (3) it is likely, not speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The plaintiff has the burden of proving with specificity injury in fact, causation, and redressability. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

In Michigan, all rights and title are vested in the purchaser once the foreclosure is complete. *See* MICH. COMP. LAWS § 600.3236.  A former owner losses "all [his/her] right, title, and interest in and to the property at the expiration of [his/her] right of redemption" and can no longer assert the rights of those with an interest. *Piotrowski v. State Land Office Bd.*, 188, 4 N.W.2d 514, 517 (Mich. 1942); *see also Matthews v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2560329 (E.D. Mich. Apr. 5, 2011); *Overton v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009). "[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997).

Plaintiff no longer has standing to assert an interest in the property. The redemption period has elapsed and Plaintiff has not alleged any irregularities in the foreclosure sale to warrant setting it aside.[2] As an initial matter, in *Residential Funding Co., LLC v. Saurman*, 805 N.W.2d 183 (2011), the Michigan Supreme Court held that MERS does have a right to foreclose by advertisement.  *Saurman* overruled the Michigan Court of Appeals holding that that MERS could not foreclose by advertisement pursuant to M.C.L. § 600.3204(1)(d) because it did not have legal or equitable ownership rights in the indebtedness. *See Residential Funding Co., LLC v. Saurman,* 292 Mich. App. 321 (2011). MERS has a legitimate interest that it may assign.

Plaintiff lacks standing to contest the assignment because she was not a party to it. *See*

---

[2] Plaintiff argues in its Response that it meets the requirements of Federal Rule of Civil Procedure 9 but the Complaint does not include any allegations of fraud.

*Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.,* 717 F. Supp. 2d 724, 735-737 (E.D. Mich. 2010) ("hold[ing] that Borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the parties to the assignments do not dispute (and in fact affirm) their validity.") Plaintiff's request to set aside the mortgage because MERS lacked an interest to assign to BAC fails to state a claim.

Additionally, Plaintiff cites this Court's decision in *Dungan v. Chase Homes Fin. LLC*, 2011 U.S. Dist. LEXIS 86088 (E.D. Mich. August 4, 2011), to support her argument that the foreclosure should be set aside because the assignment to BAC was not recorded in accordance with Michigan law. The Court should note that attached as Exhibit B to Defendants' motion to dismiss is the assignment of the mortgage to BAC on July 15, 2010 that was subsequently recorded on July 26, 2010. *See* MICH. COMP. LAWS § 600.3204(3) ("If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.")  In *Dungan*, Chase did not record the assignment and could not produce any evidence that it had. Here, the opposite is true. Not only did Defendants provide a copy of the mortgage assignment with an affixed seal of recording, but the recording took place prior to the Sheriff's sale on October 1, 2010. It appears that the assignment was properly recorded prior to the Sheriff's sale in compliance with Michigan law. Plaintiff does not have standing to challenge the foreclosure sale.

### C.  Plaintiff does not hold an interest in the property as Tenant by the Entirety

Defendants next argue that the property was not held as a tenancy by the entireties.[3]

---

[3] Defendants also argue that Plaintiff did not have a dower right but Plaintiff does not allege this in her Complaint nor contest this point in her Response.

Plaintiff argues that the property is held as tenants by the entirety because it was purchased during the marriage and Plaintiff did not waive her rights to the property.

The property was not held as tenants by the entirety. Plaintiff appears to conflate property held by a husband and wife as tenants by the entirety and marital property upon divorce.[4] A tenancy in the entirety arises when a deed is made to *two parties* who are *in fact* husband and wife. *See Zavradinos v. JTRB, Inc*., 753 N.W.2d 60, 62 (Mich. 2008) (citing *Auditor General v Fisher*, 47 N.W. 574, 576 (Mich. 1890) (emphasis in original)) ("[I]f 'the estate of both was created at the same time in one instrument, and they were at the time in fact husband and wife, their interest in the land was an entirety'"); *De Young v. Mesler*, 130 N.W.2d 38, 40 (Mich. 1964) (quoting *Hoyt v. Winstanley*, 191 N.W. 213, 214 (Mich. 1922)) ("In Michigan, the common-law rule that a conveyance to husband and wife creates a tenancy by the entirety has persisted except in respect to conveyances explicitly indicating that some other kind of tenancy is intended"); *Jackson City Bank & Trust Co. v. Fredrick*, 260 N.W. 908, 910 (Mich. 1935) ("A deed to two parties, who are husband and wife, is sufficient to create a tenancy by the entireties, whether the conveyance itself sets forth they are husband and wife or not"). The mortgage was executed on behalf of "Ray Shamon, a married man" only. *See* Def.'s Mot. Dismiss, Ex. A. Nowhere on the mortgage or the note does Plaintiff's name appear. The property was not deeded to her. A tenancy in the entirety cannot arise under Michigan law without a deed to *two people* who are *husband and wife* when the deed was made. The property was not held as tenants by the entirety and Plaintiff has no interest in it. Plaintiff has failed to state a claim.

### D.  Res Judicata bars Plaintiff from relitigating her right of possession

---

[4] Plaintiff cites MCL 552.19 and H.B. 4672 (Mich. 2011), which from their plain meaning relate to division of property upon divorce and not to a deed of property to a husband and wife during marriage.

Defendants argue that Plaintiff's claims are barred by res judicata. Plaintiff does not directly address Defendants' argument but reemphasizes that the assignment was not recorded so the redemption period has not run.

It appears that res judicata bars the Plaintiff's claims. Res judicata or claim preclusion precludes the relitigation of a final judgment on the merits in a subsequent action. Res judicata is appropriate when: (1) there is a prior final decision on the merits; (2) the present action involves the same parties or their privities; (3) the present action involves an issue that was litigated or should have been litigated in the previous action; and (4) the causes of actions are identical. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). Essentially, res judicata bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001). Identity of issues requires that the causes of action involve identical facts creating the action and evidence required to sustain it. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Under Michigan law, "privity has been defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Sloan v. City of Madison Heights*, 389 N.W.2d 418, 422 (Mich. 1986) (quoting *Petersen v. Fee Int'l, Ltd.*, 435 F.Supp. 938, 942 (W.D. Okla. 1975)). A party in privity is "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase." *Id.* (quoting *Howell v. Vito's Trucking & Excavating Co*, 191 N.W.2d 313, 316 (Mich. 1971)); *see also Bates v. Township of Van Buren*, 459 F.3d 731, 735 (6th Cir. 2006) ("To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right

that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both [1] a 'substantial identity of interests' and [2] a 'working functional relationship' in which [3] the interests of the nonparty are presented and protected by the party in the litigation").

In December 2011, the 41st District Court in Shelby Township, Michigan found that Fannie Mae had a right to possession and issued an order evicting Plaintiff. This was a final judgment on the merits for the purpose of res judicata. The prior action involved the same parties that are presently before the Court.  Plaintiff could have raised her claims during the summary eviction proceeding. *See Manufacturers Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) ("The [Michigan] Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding. The mortgagor may raise whatever defenses are available in a summary eviction proceeding. The district court has jurisdiction to hear and determine equitable claims and defenses involving the mortgagor's interest in the property") (internal citations omitted). She cannot now re-litigate her right to possession of the property. Plaintiff should have brought all her claims regarding the validity of the mortgage and assignment in the initial eviction action. Also, the identity of issues is present because both actions are supported by the same facts. Not only does Plaintiff lack standing, but res judicata bars the relitigation of her claims. The Court will not entertain them here.

### E.  Negligence as to MERS and Trott & Trott

Plaintiff's final claim appears to be negligence against MERS and Trott & Trott. However, neither MERS nor Trott & Trott is party to this action.

## IV.   CONCLUSION

**IT IS ORDERED** that Defendants' motion to dismiss **[Docket No. 5, filed December**

9

**13, 2011]** is **GRANTED**.

      **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** in its entirety

for failure to state a claim upon which relief can be granted.

                         S/Denise Page Hood
                         Denise Page Hood
                         United States District Judge

Dated:  February 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on
February 29, 2012, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager